Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JESSICA SEDLACEK, ) | |
| ) | United States District Court No. |
| Plaintiff, ) | Case No. 3:13-cv-_____ |
| ) | |
| v. ) | Superior Court Case No. |
| ) | 3PA-13-01307 CI |
| CLAYTON R. SALIKIE and WAL- ) | |
| MART TRANSPORTATION, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## NOTICE OF REMOVAL

To: JESSICA SEDLACEK
c/o Jason Skala, Esq.
Law Offices of Jason Skala
1015 West Seventh Avenue
Anchorage, AK 99501

   Guess & Rudd P.C., attorneys for defendants Clayton R. Salikie and Wal-Mart Transportation, LLC, (collectively, "defendants") hereby removes to this court the state court action described below.

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 1 of 6

Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 1 of 6

I. Introduction

On April 4, 2013, plaintiff Jessica Sedlacek filed a suit against defendants in the Superior Court for the Third Judicial District at Palmer, Alaska, entitled <u>Jessica Sedlacek v. Clayton R. Salikie and Wal-Mart Transportation, LLC</u>, Case No. 3PA-13-01307 CI.

The Complaint alleges, among other things, that defendant Salikie, acting as an agent of defendant Wal-Mart Transportation, LLC ("Wal-Mart"), failed to drive at a safe operating speed for conditions and failed to maintain control of his vehicle, causing the Wal-Mart tractor-trailer to cross into oncoming traffic, striking a recreational vehicle in which plaintiff was a passenger. The Complaint against the defendants also alleges that defendant Wal-Mart's hiring, training, and/or supervision of defendant Salikie was negligent.[1] Plaintiff's prayer for relief requests "an amount to be proven at trial but not less than $74.9999.99" and "[p]laintiff's costs and attorneys' fees."[2]

This court has jurisdiction pursuant to 28 U.S.C. § 1446; defendant has attached as Exhibit A is a copy of the Complaint. This Notice of Removal is filed within the allotted time for removal. Neither defendant has been served with the Summons and Complaint. According to the 9th Circuit opinion, <u>Quality Loan Service Corp. v. 24702</u>

---

[1] See Exhibit A, Complaint ¶¶3-4.

[2] Id. at p. 3.

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 2 of 6

Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 2 of 6

Pallas Way, Mission Viejo, CA 92691, 635 F.3d 1128 (9th Cir. 2011), "actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run."[3] Since neither defendant has been formally served, this notice of removal is within the thirty-day window provided under 28 U.S.C. § 1446(b).[4]

Defendants have, simultaneously with this filing, also filed its Notice of Removal in the Superior Court of the Third Judicial District at Palmer.

II. Argument

A. The Amount in Controversy Exceeds $75,000

The Complaint seeks compensatory damages in an amount in excess of $75,000. Where a complaint sets forth a specific amount of damages in excess of the jurisdictional amount, then the plaintiff's allegations are controlling.[5] "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."[6] In Goldberg v. CPC International Inc., 678 F.2d 1365 (9th Cir.1982), cert. denied, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982), the 9th

---

[3] Id. at 1132-1133 quoting Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48, (1999).

[4] Id.

[5] See Sanchez v. Monumental Life ins. Co., 102 F.3d 398, 402 (9th Cir. 1996)("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283 (1938)).

[6] Kroske v. U.S. Bank Corp. 432 F.3d 976, 978 (9th Cir. 2005) citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir.1998).

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 3 of 6
Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 3 of 6

Circuit held that "attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant."[7] The "authorizing" statute in Goldberg mandates the award of attorneys' fees by providing that a person injured in his or her business property by reason of anything forbidden or unlawful may sue and "shall" be awarded reasonable attorneys' fees.[8]

Alaska Civil Rule 79 and 82, authorized by AS 09.60.010, mandates that the court shall award to a prevailing party reasonable attorneys' fees and allowable costs.[9] Using Goldberg' guidance, plaintiff's Complaint has specific amount of damages in excess of $75,000 -- specifically asking for $74,999.99 and costs and attorneys' fees. The requisite amount in controversy is satisfied.

B. Complete Diversity Exists As to All Parties

There exists complete diversity of citizenship between the parties. The Complaint alleges that "[p]laintiff Jessica Sedlacek is and at all relevant times hereto was

---

[7] Id. at 1367.

[8] Id.

[9] J.L.P v. V.L.A., 30 P. 3d 590, 599 (Alaska 2001); see also Shearer v. Mundt, 36 P. 3d 1196 (Alaska 2001)("purpose of Rule 82 Attorney's fees is to compensated litigates for fees they incur through legal representation, not to compensate litigates for the economic detriment of litigating.").

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 4 of 6

Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 4 of 6

a resident of Anchorage, Alaska."[10] Defendant Salikie is a resident of Oregon.

Defendant Wal-Mart is a Delaware Corporation and is incorporated under the laws of Delaware and is a "person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2. Wal-Mart's principal place of business is in Bentonville, Arkansas. As such, Wal-Mart is a citizen of Delaware and Arkansas for diversity purposes.[11]

### III. Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, defendants respectfully request that this court assume full jurisdiction over this action.

DATED at Anchorage, Alaska, this 26th day of June, 2013.

GUESS & RUDD, P.C.

By: s/ Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
E-mail: gzipkin@guessrudd.com
Alaska Bar No. 7505048

---

[10] Exhibit A, Complaint ¶1.

[11] 28 U.S.C. § 1332(c)(1).

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 5 of 6

Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 5 of 6

## VERIFICATION FOR NOTICE OF REMOVAL

STATE OF ALASKA              )
                             ) ss.
THIRD JUDICIAL DISTRICT      )

    Gary A. Zipkin, being of lawful age and being first duly sworn, deposes and says that he has executed the above Notice of Removal, that he has read the same, and that the matters therein set forth are true to the best of his knowledge, information, and belief, and that he has signed the same freely and voluntarily

_____
Gary A. Zipkin

SUBSCRIBED AND SWORN TO before me this 26th day of June, 2013.

_____
Notary Public in and for Alaska
My Commission Expires 10/1/2015

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of
June, 2013, I mailed a true and correct copy
of the foregoing document to:

Jason Skala, Esq.
Law Office of Jason Skala, LLC
1015 West 7th Avenue
Anchorage, Alaska 99501

Guess & Rudd P.C.


By:_____/s Gary A. Zipkin_____
F:\DATA\6006\16\Pleadings\03 State Notice of Removal.doc

Notice of Removal
Sedlacek v. Salikie, et al., USDC Case No.3:13-cv-_____; Superior Court No. 3PA-13-01307CI
Page 6 of 6

Case 3:13-cv-00116-SLG   Document 1   Filed 06/26/13   Page 6 of 6